# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AUSTIN ARNOLDINI, | ) | NO. CV 22-3328 FMO (KSx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| CENTINE CORPORATION, | ) | |
| Defendant. | ) | |

    Plaintiff filed his complaint on May 17, 2022 (Dkt. 1). By order dated August 26, 2022, plaintiff was ordered to show cause, on or before September 6, 2022, why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Dkt. 9, Court's Order of August 26, 2022). The order to show cause stated that it would stand submitted upon the filing of a proof of service on defendant or defendant's answer. (See id.). The OSC admonished plaintiff that "[f]ailure to file a timely response to th[e] Order to Show Cause shall result in the action or the above defendant(s) being dismissed for lack of prosecution and for failure to comply with the orders of the court." (Id.) (citing Local Rule 41; Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

    After plaintiff sent an informal response to the OSC that requested additional time to effect service, the court continued the OSC and ordered plaintiff to file a proof of service no later than October 11, 2022. (See Dkt. 10, Court's Order of September 9, 2022). The court admonished

plaintiff that "failure to file a proof(s) of service by the [] deadline will result in the action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court." (Id.).  As of the date of this Order, plaintiff has not filed a proof of service of the summons and complaint on the defendant, nor has he requested a further extension of time.  (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.).  These factors include:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and comply with the Court's Order to Show Cause issued on August 26, 2022, (Dkt. 9), and Court's Order of September 9, 2022, (Dkt. 10), is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court. Dated this 19th day of October, 2022.

/s/
Fernando M. Olguin
United States District Judge